**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

In re:

ANNETTE M. ANDRADE

        Debtor.

------------------------------------------------------------------x

Chapter 13

Case No. 24-35291 (KYP)

**MEMORANDUM DECISION SUSTAINING DEBTOR'S OBJECTION TO THE**
**PORTION OF CLAIM NO. 11 SEEKING ALLOWANCE OF AMOUNTS FOR**
**POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**APPEARANCES:**

THE LAW OFFICE OF JAMES J. RUFO
*Attorney for the Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
By:    James J. Rufo, Esq.
          Of Counsel

MICHAEL H. SCHWARTZ, P.C.
*Attorney for Antonio M. Cunha*
One Barker Avenue
White Plains, NY 10601
By:    Michael H. Schwartz, Esq.
          Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Annette M. Andrade (the "Debtor") objects to the portion of Claim No. 11 (the

"Claim")[1] filed by her ex-husband seeking allowance of post-petition domestic support

---

[1]      A copy of the Claim is attached to the Claim Objection as Exhibit A.

obligations and associated attorney's fees.[2]  For the reason stated, the Debtor's Claim

Objection is SUSTAINED.

## JURISDICTION

This Court has jurisdiction over the Claim Objection pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31,

2012 (Preska, C.J.) referring bankruptcy cases and proceedings to the Bankruptcy

Judges of the Southern District of New York.  This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(B).

## BACKGROUND

Prior to the filing of this bankruptcy case, the Debtor was married to Antonio

Cunha.  The couple divorced and entered into a Stipulation of Settlement on July 23,

2018 ("Stipulation").[3]  The Stipulation generally provided that the "parties are equally

sharing the children's expenses" including healthcare, educational, and miscellaneous

expenses.  (Stipulation, Art. Eight.)  On October 11, 2018, a Judgment of Divorce was

entered.

On March 27, 2024, the Debtor filed a voluntary petition for relief under Chapter

13 of the Bankruptcy Code, and Mr. Cunha filed the Claim on June 5, 2024.  The Claim

was in the amount of $385,438.18 comprising the following categories:

- Pre-petition domestic support obligations totaling $15,359.41 ("Pre-Petition DSOs");

---

[2]      *See Motion Objecting to Claim No. 11 Filed by Antonio Cunha for an Order Pursuant to 11 U.S.C. § 502(b) and Federal Rule of Bankruptcy Procedure 3007 Reducing Claim No. 11 and Disallowing the Contingent Post-Petition DSO Portion of Claim No. 11*, dated July 29, 2024 ("Claim Objection") (ECF Doc. # 20).  "ECF Doc. # _" refers to documents filed on the electronic docket of this bankruptcy case.

[3]      The relevant provisions of the Stipulation are set forth in Mr. Cunha's objection to confirmation of the Debtor's Chapter 13 plan at ECF Doc. # 17.

- Distributive award under the Judgment of Divorce totaling $277,823.37 ("Pre-Petition Distributive Award");

- Contingent domestic support obligations totaling $85,655.40 ("Post-Petition DSOs"); and

- Post-petition attorney's fees totaling $6,600 ("Post-Petition Attorney's Fees").

The Contingent DSOs are further broken down as follows: (i) son's college – $74,807.61, (ii) medical insurance – $5,163.81, (iii) dental care – $825.75, (iv) eye care – $215.73, (v) car insurance – $3,802.50, and (vi) cell phone – $840.00.

The Debtor filed the instant Claim Objection on July 29, 2024, objecting to the allowance of the Post-Petition DSOs and Post-Petition Attorney's Fees (together, the "Post-Petition Claims").[4]  The Debtor argued that the Post-Petition DSOs are unmatured claims and thus disallowed under section 502(b)(5) of the Bankruptcy Code.[5]  (Claim Objection ¶¶ 9-12.)  She contended that the Post-Petition Attorney's Fees should be disallowed because the Claim failed to articulate a contractual or statutory basis for their allowance.  (*Id.* ¶ 13.)  Moreover, to the extent the Post-Petition Attorney's Fees were domestic support obligations, they were disallowed as unmatured claims pursuant to section 502(b)(5).  (*Id.* ¶ 14.)

Mr. Cunha responded to the Claim Objection on September 16, 2024.[6]  Mr. Cunha pointed out that the terms "unmatured" or "contingent" are not defined in the Bankruptcy Code and suggested that the Post-Petition Claims could be estimated by the

---

[4]   The Debtor did not object to the allowance of the Pre-Petition DSOs or Pre-Petition Distributive Award.

[5]   Unless otherwise indicated, "section" references are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

[6]   *See Response to Debtor's Objection to Claim 11 Filed by Antonio Cunha*, dated Sept. 16, 2024 ("Cunha Response") (ECF Doc. # 28).

Court pursuant to section 502(c).  (Cunha Response ¶¶ 9-12.)  To the extent the

Post-Petition Claims were disallowed, Mr. Cunha requested that the Debtor's Chapter 13

plan be amended to expressly state that he may assert those claims at a future date.  (*Id.*

¶¶ 13-14.)  In support of the allowance of Post-Petition Attorney's Fees, Mr. Cunha cited

a provision in the Stipulation which generally provided that the defaulting party under

the Stipulation will pay the attorney's fees and costs incurred by the non-defaulting

party in enforcing their rights under the Stipulation.  (*Id.* ¶ 13 (citing Stipulation, Art.

Twenty-Three).)

The Court heard oral argument on September 17, 2024.  Given the timing of Mr.

Cunha's response, the Court gave the Debtor an opportunity to file a reply[7] and took the

matter under advisement.

### DISCUSSION

**A.    Treatment of Domestic Support Obligations**

The Bankruptcy Code's treatment of a debtor's domestic support obligation[8]

varies depending on whether the obligation was due pre-petition or becomes due

---

[7]    No reply was submitted.

[8]    A "domestic support obligation" is defined as:

a debt that accrues before, on, or after the date of the order for relief in a [bankruptcy case], including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of [the Bankruptcy Code], that is–

(A) owed to or recoverable by–

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

post-petition.  Pre-petition domestic support obligations enjoy first priority status under

section 507(a)(1), and a creditor may file a proof of claim for such obligation.  *In re*

*Little*, 634 B.R. 784, 792 (Bankr. E.D. Ark. 2021) (citing *Young v. Young* (*In re Young*),

497 B.R. 904, 917 (Bankr. W.D. Ark. 2013)).  In a Chapter 13 case, a pre-petition

domestic support obligation must generally be paid in full under the plan unless the

creditor agrees to a different treatment.  11 U.S.C. § 1322(a)(2) (requiring full payment

of priority claims through deferred cash payments).

Post-petition domestic support obligations are treated differently.  Payment of

post-petition domestic support obligations is a requirement for Chapter 13 plan

confirmation.  11 U.S.C. § 1325(a)(8); *see also Young*, 497 B.R. at 917 (observing that

domestic support obligations are excluded from the calculation of "disposable income"

to fund a Chapter 13 plan under 11 U.S.C. § 1325(b)).  In order to obtain a Chapter 13

bankruptcy discharge, the debtor must certify that domestic support obligations have

been paid.  11 U.S.C. § 1328(a).  A Chapter 13 debtor's failure to pay post-petition

domestic support obligations can be grounds for dismissal or conversion to a Chapter 7

---

(C) established or subject to establishment before, on, or after the date of the order
for relief in a [bankruptcy case], by reason of applicable provisions of–

    (i) a separation agreement, divorce decree, or property settlement
agreement;

    (ii) an order of a court of record; or

    (iii) a determination made in accordance with applicable nonbankruptcy law
by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned
voluntarily by the spouse, former spouse, child of the debtor, or such child's
parent, legal guardian, or responsible relative for the purpose of collecting debt.

11 U.S.C. § 101(14A).

bankruptcy case. 11 U.S.C. § 1307(c)(11). Last, claims for domestic support obligations, whether pre- or post-petition, are nondischargeable. 11 U.S.C. § 523(a)(5).[9]

Although payment of post-petition domestic support obligations is mandatory, courts have generally ruled that a creditor may not file a proof of claim for such claim. *Burnett v. Burnett* (*In re Burnett*), 646 F.3d 575, 582 (8th Cir. 2011); *Little*, 634 B.R. at 792; *McKinney v. McKinney* (*In re McKinney*), 507 B.R. 534, 541 (Bankr. W.D. Pa. 2014); *In re Meier*, No. 14-br-10105 (JBS), 2014 WL 6686541, at *2 (Bankr. N.D. Ill. Nov. 24, 2014); *Young*, 497 B.R. at 917. The rulings are based on section 502(b)(5), which disallows a claim that "is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5)." Post-petition domestic support obligations satisfy both prongs: they are unmatured as of the petition date and are excepted from discharge under section 523(a)(5). As a result, "only the prepetition portion of a domestic support obligation can be an 'allowed claim' under Section 502(b)(5)." *McKinney*, 507 B.R. at 541.

## B. Application to the Case

The parties do not dispute that the obligation, if any, to pay the Post-Petition Claims arose, or will arise, post-petition. However, there appears to be a dispute about the amount and validity of at least some of the Post-Petition Claims. For example, the Stipulation stated that the parties had previously funded 529 college savings accounts for their children and there would be amounts available to fund their son's college

---

[9] Domestic support obligations are partially carved-out from the protections of the automatic stay. The automatic stay does not apply to a proceeding to establish or modify an order for domestic support obligations, 11 U.S.C. § 362(b)(2)(A)(ii), the collection of a domestic support obligation from property that is not property of the estate, 11 U.S.C. § 362(b)(2)(B), or the withholding of income that is property of the estate for payment of a domestic support obligation, 11 U.S.C. § 362(b)(2)(C).

6

expenses, which constitute the largest component of the Post-Petition DSOs. (*See* Stipulation, Art. Eight ("It is agreed that up to $12,000 per year will be used from the [529 account] toward the college costs of the parties' daughter . . . to a maximum of 4 years. The remainder of the fund will be applied toward the college costs of the parties' son . . . .").) In her reply to Mr. Cunha's confirmation objection, the Debtor stated that the 529 account had a remaining balance of $58,924.78, which would cover at least one year of college expenses. (*Debtor's Reply to Creditor's Objection to Confirmation of Debtor's Amended Chapter 13 Plan*, dated July 23, 2024, ¶ 7 (ECF Doc. # 18).) Further, Debtor's counsel opposed the Post-Petition Attorney's Fees at the hearing on the basis that the state court had not found the Debtor to be in default under the Stipulation, which would trigger Mr. Cunha's right to recover attorney's fees from the Debtor.

Even if the Court assumed the validity of the Post-Petition Claims, they must still be disallowed. At best, the Post-Petition Claims belong in the category of post-petition domestic support obligations. As set forth above, such claims are disallowed under section 502(b)(5) and may not be included in Mr. Cunha's proof of claim.

In his response, Mr. Cunha requested that the Debtor's plan include language to preserve his right to assert the Post-Petition Claims to the extent the Court disallowed them under section 502(b)(5). (Cunha Response ¶¶ 13-14.) Such modification to the plan is unnecessary, however, because post-petition domestic support obligations are excepted from discharge under section 523(a)(5).

To be sure, the Debtor must continue to pay valid post-petition domestic support obligations as they become due to successfully prosecute this Chapter 13 case. However, the validity of the Debtor's post-petition domestic support obligations is not before the

Court.  Instead, the Claim Objection sought disallowance of the Post-Petition Claims, which is warranted under section 502(b)(5).

## CONCLUSION

For the reasons stated, the Claim Objection is SUSTAINED, and the Post-Petition Claims are disallowed pursuant to 11 U.S.C. § 502(b)(5).  Any arguments raised by the parties but not specifically addressed herein have been considered by the Court and rejected.  Counsel to the Debtor shall submit a proposed order via the Court's eOrders system consistent with this Memorandum Decision.

/s/ **Kyu Y. Paek**



**Dated: October 4, 2024**
**Poughkeepsie, New York**

_____

**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**